# Lee v. The State.

## *Indictment for Murder.*

55   259
128   25

1. *Special venire for trial of capital case.*—The statute which requires that the special *venire* in a capital case shall include "those *summoned* on the regular juries for the week" (Rev. Code, § 4173), as shown by a subsequent section (4177), means the regular jurors who are "*in attendance*," and does not include those who, though summoned as regular jurors, were excused or discharged when the regular juries were organized.

2. *Sufficiency of indictment, in averment of defendant's name.*—Under our liberal statutory provisions (Rev. Code, § 4113), the Christian name of the defendant may be averred under an *alias*.

FROM the Circuit Court of Pike.

Tried before the Hon. H. D. CLAYTON.

The indictment in this case, which was found at the October term, 1875, charged that the prisoner, "Eli E. Lee, *alias* Tobe Lee, unlawfully, and with malice aforethought, killed George W. Carroll, by shooting him with a pistol." The defendant pleaded not guilty, and the trial was had on issue joined on that plea. On the trial, as the bill of exceptions shows, the defendant moved to quash the *venire*, because the list of jurors specially summoned for his trial did not contain the names of all the regular jurors who had been summoned for the week, five of them having been excused by the court when organizing the regular juries. The court overruled the motion, and the defendant excepted. After convic-

[Thomas v. The State.]

tion, the defendant moved in arrest of judgment, on account of the insufficiency of the indictment in averring his name under an *alias.* The court overruled the motion, and pronounced judgment according to the verdict of the jury, sentencing him to imprisonment in the penitentiary for the term of forty years.

W. D. ROBERTS, for the prisoner.

JNO. W. A. SANFORD, Attorney-General, for the State.

STONE, J.—In *Floyd v. The State,* at the present term, we decided the main question in this cause adversely to the present appellant. The Circuit Court did not err in refusing to quash the *venire.*—See Rev. Code, § 4177.

2. We do not think there is any thing in the objection, that the Christian name of the defendant is stated under an *alias dictus.* Some ancient authorities look that way; but such technicality is at war with the spirit of our statutes.—Rev. Code, § 4113; *Skinner v. The State,* 30 Ala. 524; *Bryant v. The State,* 36 Ala. 270; 1 Bish. Cr. Proc. §§ 678, 681.

Judgment of Circuit Court affirmed.