[Jesse French Piano & Organ Co. v. Forbes *et al.*]

# Jesse French Piano & Organ Co. *v.* Forbes *et al.*

*Bill in Equity to enjoin Interference with the Enjoyment of an Easement.*

1. *Easement; when presumption that easement has been extinguished arises.*—A presumption that an easement has been extinguished arises from a possession by the owner of the servient estate adverse to the existence of the easement, which has continued for a period sufficient to give title by prescription under the statute of limitations.

2. *Same; how established by prescription.*—The user and enjoyment of a right claimed, in order to become an easement by prescription, must have been adverse to the owner of the estate from which the easement is claimed under a claim of right exclusive, continuous and uninterrupted, and with the knowledge and acquiescence of the owner, and must be continued for a period equal to that prescribed by the statute for acquiring title to land by prescription.

3. *Same; must be adverse and not permissive.*—A user of a right which is merely permissive, tolerated by the owner or held under an implied license from him, is revocable at pleasure, and will never ripen into a title by prescription.

4. *Same; same.*—Where the owner of property has an alley-way opened for his own use and the use of his tenants, the fact that the owner or tenants of adjoining property used and passed through such alley-way and continued to do so for a number of years, is not sufficient to establish a right by prescription in such alley-way, unless there was some act of adverse user by which the owner is given notice of the claim on the part of such persons to pass over the alley-way as matter of right, as distinguished from a mere license or permission of the owner. The use of a private way, without a claim of right can not form a basis of a prescriptive right of easement.

APPEAL from the City Court of Montgomery, in Equity.

Heard before the Hon. A. D. SAYRE.

The bill in this case was filed on July 24, 1900, by the appellant, the Jesse French Piano & Organ Company, against the appellees, E. E. Forbes and Teresa F. Wing. The purpose of the bill was to enjoin the defendants from erecting a wall along the east side of a certain designated lot, which wall it was alleged would interfere with the use by the complainant of an alley way between the complainant's property and the building on the adjoining lots, and which would also obstruct the light and air enjoyed by complainant through a door and windows opening upon said alley way. The averments of the bill and the answer thereto are set forth in the report of the case on former appeal (129 Ala. 471), and especial reference is here made thereto.

It was shown by the evidence that the complainant had leased from the owner thereof and occupied at the time of the filing of the bill a store house in the city of Montgomery, built upon a lot known and designated as No. 28, on the south side of Dexter Avenue; that immediately adjoining said lot No. 28 on the west side was lot No. 26, which was owned by the defendant, Teresa F. Wing, and upon lot No. 26 a building was erected which had been leased by the defendant, Wing, to the defendant, E. E. Forbes, who occupied it at the time of the filing of the bill; that there was a brick wall between the complainant's lot 28 and defendant's lot 26, which extended back 60 feet; that at this point in the construction of defendant's building, her wall was deflected on to her lot No. 26 at right angles a distance of five feet, and was thence built back parallel with the wall on complainant's lot to the southern end of lot No. 26, thereby leaving an alley way of five feet in width between the building erected on lot 28 and the building on lot 26, from the point of deflection in the wall in defendant's building. It was further shown that the complainant's building was a two-story structure, with a door opening from the lower story into said alley; that there were also four windows opening from the lower story and five windows from the upper story; that to these windows there were attached swinging blinds which opened upon or into said alley. The building on the de-

fendant's lot also had a door and window opening into or upon said alley. It was further shown that at the end of the alley upon lot 26 there was a public alley, which led to Perry Street in the city of Montgomery.

There was evidence introduced by the complainant tending to show that the alleged alley way upon defendant's lot, created by the manner of the construction of the building on said lot, had been used by the occupants of the buildings on lots 28 and 26 for passage way to and from the public alley, and for the convenience of the occupants of the respective buildings and their employees; that the occupants of the building on lot 28 had had free access to the use of said alley way and that the door, windows and blinds which opened upon said alley furnished air and light to the building on lot 28. Several witnesses for the complainant testified that they had known the buildings on lots 26 and 28 and the alley extending between them for 40 or 50 years, and that at the time they had occasion to know of the use of said premises, said alley was always used by the occupants of the building on lot 28, but each of these witnesses testified that they had not known the extent to which said alley had been used by the occupants of the building on lot 28 since 1865, 1869, 1874 and 1876, respectively.

The evidence for the defendants was that the occupants of both buildings continued to use said private alley as a foot way up to the year 1879, when the right to its use as a passage way was prevented and denied by the defendant to the occupants of lot No. 28, and since that time continuously to the time of the filing of the bill said alley had been used exclusively by the defendant and her tenants.

The testimony for respondents further shows conclusively that they have had and held adversely, continuously and uninterruptedly said five feet space against all the world since 1879. J. R. Wing, the husband of one of the respondents, testified that as early as 1865 he occupied lot 26 as a tenant; that on October 1, 1879, he again went into possession of lot 26 and continued in possession until March, 1881, when his wife bought the property; that he and his family continued to occupy said

premises until 1897, when said premises were leased to E. E. Forbes, one of the respondents in this case; that when he went into possession of said lot 26, in 1879, there was a high plank wall standing between lots 26 and 24, instead of a public alley way extending west from Perry street; that said plank wall remains until this day, and it even had the appearance of great age in 1879; that when he took possession of lot 26 in 1879, he erected another plank wall along the east line of lot 26 across the space claimed by complainant to be a public alley way; that he put a gate in said plank wall and kept it locked at all times with the key in his possession, and said gate or the premises were never used by any one except by his or his wife's consent; that the 5 foot space between said lots 26 and 28 belonged to and is a part of lot 26; that it was closed up prior to 1879 by erecting at the rear end of said building, on lots 26 and 28, a strong, high gate, and he put an iron bolt through said gate and kept it constantly closed thereafter until 1897, until said lot 26 was leased by E. E. Forbes, who stored boxes and plunder in said five feet space, and no other person ever attempted to use it except one Beebe, when Wing objected; that thereupon Beebe locked his door on lot 28 opening out in said five foot space, and Wing nailed slats across it to prevent the door from being opened any more, and that he had exclusive control of said five foot space in connection with his private yard, and he never heard of anybody claiming any right adversely or otherwise, in or to said five foot space, until complainant brought this suit. Mrs. Wing's testimony corroborated her husband's in every substantial fact. E. E. Forbes testified that he went into possession of lot 26 in 1897, and has had exclusive control of said five foot space under his lease all the time; and that no one has claimed any right to said space since he has been in possession.

On the submission of the cause on the pleadings and proof, the chancellor decreed that the complainant was not entitled to the relief prayed for, and ordered the bill dismissed. From this decree the complainant appeals, and assigns the rendition thereof as error.

GUNTER & GUNTER, for appellant.—An easement can be acquired by prescription just like a right to the fee in land.—*Roundtree v. Brantley*, 34 Ala. 544; 10 Ency. of Law, (2d ed.), 409; *Polly v. McCall*, 37 Ala. 30; 17 Cent. Dig. 1726-7; *Ricard v. Williams*, 7 Wheat. 59; Jones on Easements, § 80.

The continuous use of an easement for the period of prescription, in a way that would amount to trespasses open and known to the owner, and such as would not ordinarily be asserted, or submitted to, without a right on the part of the person using it, if unexplained, raises a presumption of grant.—Jones on Easements, § 164; *Polly v. McCall*, 37 Ala. 31; *Trump v. McDonnell*, 120 Ala. 200.

The exception, however, makes the rule good, that when the use is such that it would not ordinarily be asserted or acquiesced in without being founded on right, the presumption, in the absence of explanation showing it to have been permissive, is that the use is adverse. The rule is conceded, it seems, by the case of Trump *supra.*—19 Ency. of Law, (1 ed.), 15 and note 1; *Blake v. Everett*, 1 Allen (Mass.) 248; Wash. on Easements, (2d ed.), 153, § 7; *Miller v. Garlock*, 8 Barb. (N. Y.) 153; *Williams v. Nelson*, 23 Pick. 141; *O'Daniel v. O'Daniel*, 10 S. W. 638; *Rogerson v. Sheppard*, 10 S. E. 633; Elliott on Roads and Streets, (1890), 39; 2 Waits Ac. & Def., 694, 701; *School District v. Lynch*, 33 Conn. 334; *Chollar-Potosi M. Co. v. Kennedy*, 93 Am. Dec. 409; *Pierce v. Cloud*, 82 Am. Dec. 496.

When one uses an easement whenever he sees fit, without asking leave and without objection, it is adverse, and an uninterrupted enjoyment for twenty-one years (the period of prescription), is a title which cannot afterwards be disputed. Such enjoyment, without evidence to explain how it began, is presumed to have been in pursuance of a full and unqualified grant. And the servient estate must show that the use was permissive. *Carter v. Tinicum*, 77 Pa. St. 316; *Wallace v. Fourth P. Church*, 111 *Ib.* 170; 17 Cent. Dig. 1738, § 23; 17 Cent. Dig. 1858, § 89; *Cox v. Forrest*, 60 Md. 74; *Bodfish v. Bodfish*, 105 Mass. 317; *Hammon v. Zehner*, 21 N. Y.

117; *Am. B. N. Co. v. N. Y. E. R. Co.*, 129 N. Y. 252; *White v. M. R. Co.*, 139 N. Y. 24; *Eckerson v. Crippin*, 110 N. Y. 585; *Ricard v. Williams*, 7 Wheat. 59; 2 Notes on United States Reports, 59; *Nicholls v. Wentworth*, 100 N. Y. 455.

HOLLOWAY & HOLLOWAY and WILLIAM L. MARTIN, *contra.*—The user and enjoyment of the right claimed, in order to become an easement by prescription, must have been adverse to the owner of the estate from which the easement is claimed, under a claim of right, exclusive, continuous and uninterrupted, and with the knowledge and acquiescence of the same.—*Steele v. Sullivan*, 70 Ala. 589; 2 Wait's Act. & Def., 693; *Jesse French Piano & Organ Co. v. Forbes*, 129 Ala. 471; *Croft v. Thornton*, 125 Ala. 391; *Normant v. Eureka Co.*, 98 Ala. 182; *Dothan v. Denson*, 72 Ala. 544; *Robinson v. Allison*, 97 Ala. 596; *Roundtree v. Brantley*, 34 Ala. 544; *Arnold v. Stevens*, 41 Mass. 106.

The presumption of a grant can never arise where all the circumstances are perfectly consistent with the non-existence of a grant.—*Arnold v. Stevens, supra; Richard v. Williams*, 7 Wheat. 109.

The claim of a mere easement, or other right in land less than the entire fee, does not confer any adverse right to the fee; but, to have that effect, under the statute of limitations, the claim must be of the entire title, exclusive of the title of any other person.—*Dothard v. Denson*, 75 Ala. 482; *N. O. & S. R. R. v. Jones*, 68 Ala. 55; *Ala. State Land Co. v. Beck*, 108 Ala. 73.

An easement may be acquired by prescription or lost by adverse user, but in either case the user must be of such nature as to expose the claimant under it to an action at any time during the period necessary to give title by adverse possession.—Jones on Easements, § 867, citing *State v. Suttle*, 115 N. C. 784, 20 S. E. 725; *Emery v. Raleigh & G. R. Co.*, 102 N. C. 209, 9 N. E. 139; *Humphrey v. Blasingame*, 104 Cal. 40, 37 Pac. 804; *Lakeside Ditch Co. v. Cram*, 80 Cal. 181, 22 Pac. 76; *Sullivan v. Zeiner*, 98 Cal. 303, 10 Am. Rep. 299.

HARALSON, J.—This case was virtually settled adversely to the claims of complainant below, on the former appeal. The pleadings and the leading facts of the case are there set forth. The testimony taken and introduced on a subsequent trial, does not materially change the facts before the court on the former trial. The other submission and trial was upon the motion of respondents to dismiss the bill for want of equity, and a separate motion to dissolve the temporary injunction upon the denials of the answer. The court overruled the motion to dismiss for the want of equity, but granted the motion to dissolve the injunction. We held on appeal, that the court committed no error in its ruling, and its decree was affirmed.—129 Ala. 471. All the legal principles governing the case were there discussed and decided. It was there said: "If the user be not exclusive, and not inconsistent with the rights of the owner of the land to its use and enjoyment, the presumption is that such user is permissive rather than adverse. * * No easement can be acquired when the use is by express or implied permission. The user or enjoyment of the right claimed, in order to become an easement by prescription, must have been adverse to the owner of the estate over which the easement is claimed, under a claim of right, exclusive, continuous and uninterrupted, and with the knowledge and acquiescence of the same. * * One circumstance always considered is, whether the user is against the interest of the party suffering it, or injurious to him. There must be an invasion of the party's right, for unless one loses something, the other gains nothing. * * The presumption of a grant can never arise where all the circumstances are perfectly consistent with the non-existence of a grant."

It is undisputed that Mrs. Wing, the lessor of the appellees, is the owner of the five feet alley, and the complainant predicates its claim alone upon a title thereto by prescription, growing out of an adverse user by itself and those under whom it claims, for a period of fifty years or more.

The pleadings and evidence have been carefully examined, and the conclusion reached is, that the complainant's claim as set up in its bill is not satisfactorily

made out, even upon its own evidence, and that the defense as set up in the answers of respondents has been clearly established. The learned chancellor was of the opinion that the complainant was not entitled to relief and so decreed, dismissing the bill. Nothing has been made to appear that he was in error in so decreeing, but much that he was correct, and his decree must be affirmed.

It would subserve no good purpose to take the time and space to here review the evidence. The facts will be set out in the report of the case.

Affirmed.