# Sharpe *v.* Marcus.

*Bill in Equity to enjoin Obstruction of an Alley-way.*

1. *Easement; how established by prescription.*—In order for an easement to be established by prescription, the user and enjoyment and the right claimed must have been adverse to the owner of the estate from which the easement is claimed, under a claim of right adverse, exclusive, continuous and uninterrupted, and with knowledge and acquiescence by the person against whom it is claimed; and the user of a right which is merely permissive or held under an implied license from the owner of the estate can never ripen into a title by prescription.

APPEAL from the City Court of Montgomery, in Equity.

Heard before the Hon. A. D. SAYRE.

The bill in this case was filed by the appellant, Susan E. Sharpe, against the appellee, Johanna Marcus. The purpose of the bill and the facts of the case are sufficiently stated in the opinion.

On the final submission of the cause on the pleadings and proof, the chancellor rendered a decree denying the relief prayed for, and dismissing the bill. From this decree the complainant appeals, and assigns the rendition thereof as error.

GORDON MACDONALD, for appellant; cited *House v. Montgomery,* 17 Mo. App. 170; *Field v. Brown,* 24 Gratt. 74; *Pierce v. Cloud,* 42 Pa. 102; *Ballard v. Struckman,* 123 Ill. 636; *Snyder's Appeal,* 6 Cent. Rep. 270; *Deerfield v. Conn. River Co.,* 144 Mass. 325; *Treadwell v. Inslee,* 120 N. Y. 458; *Dexter v. Tree,* 117 Ill. 532.

REESE & STERNFELDT and GOODWYN & McINTYRE, *contra,* cited *Jesse French P. & O. Co. v. Forbes,* 129 Ala. 478; *Roundtree v. Brantley,* 34 Ala. 544; *Steel v. Sullivan,* 70 Ala. 589.

HARALSON, J.—An injunction is sought by complainant,—who is appellant here,—on bill filed against Johanna Marcus, the appellee, to enjoin her against closing an alley-way between the premises of herself and the defendant. It is sought to be maintained on the theory of a prescriptive right to an easement, in that complainant and those under whom she claims, have used and occupied the alley for over twenty years as a necessary right of way to the rear of her premises. The respondent filed answer denying the allegations of the bill in so far as it claimed this right, and setting up that she is the owner in fee of the lot of which the alley is a part, and has been for over twenty years before the filing of the bill; denies that complainant has any right, title or interest in said alley, and avers that whatever use complainant has made of the same was a permissive use, and in recognition of defendant's title in fee of her said lot and alley. The chancellor, on pleadings and proof rendered a final decree against complainant, dismissing her bill.

The proofs shows without conflict, that defendant and those under whom she claims, owned the land on which the alley ran for a great number of years,—more than twenty years before the bill was filed; that the user by complainant was not exclusive, and not inconsistent with the rights of the defendant in and to the land; nor was it shown by complainant that her user, and the user of those under whom she claimed, was under any claim of right as against defendant with her knowledge; but

the proof shows with satisfactory conclusiveness, that the user by complainant and her predecessors, was never adverse to defendant, but was simply acquiesced in and permissive. We have but recently held, consonant with well settled principles, that when a user is not inconsistent with the rights of the owner of the fee in its use and enjoyment, the presumption is that such user is permissive and not adverse; that an easement by prescription is created only by an adverse or hostile use of the privilege, with the knowledge of the person against whom it is claimed, or by use so open, notorious and uninterrupted that knowledge will be presumed, and exercised upon a claim of right adverse to the owner and acquiesced in by him, extending to a period at least to that prescribed for acquiring title to land by adverse possession, and that no easement can be acquired when it is by express or implied permission.—*Jesse French P. & O. Co. v. Forbes,* 129 Ala. 741, s. a. 135 Ala. 277.

Under the facts disclosed, the complainant did not acquire the easement by prescription, as she seeks to establish, and the chancellor very properly so held and dismissed her bill.

Affirmed.