### BREWER v. AVINGER. (3 Div. 568.)

(Supreme Court of Alabama. Nov. 2, 1922.)

1. **Boundaries ☞20(1)—Grantee acquires title to center of alley, where deed describes land as bounded by alley, but not otherwise.**

Where a deed describes land as bounded on an alley, the grantee's title extends to the center line thereof, in the absence of an express intent to the contrary, but where the deed makes no reference to an alley, the grantee acquires no interest in fee therein, unless the description in the deed, by common usage and understanding, includes the alleyway.

2. **Pleading ☞8(11) — Allegation that complainant acquired the fee to the center of an alley held a mere conclusion, adding nothing to equity of bill.**

In an action to enjoin the obstruction of a private alley between the premises of the complainant and the respondent, involving a question as to ownership thereof, allegation of bill that complainant acquired the fee to the center of the alley held merely a conclusion, adding nothing to the equity of the bill.

3. **Pleading ☞192(3) — Legal conclusion did not render bill demurrable if facts alleged showed complainant entitled to relief.**

In an action to enjoin obstruction of a private alley involving ownership thereof, the mere fact that the bill contained the legal conclusion that the complainant had acquired the fee to the center of the alley did not render the bill subject to demurrer, either in whole or in part, if the facts alleged entitled complainant to the use of the alley as an appurtenance to his lot and to the protection of his rights therein by injunction as against respondent.

4. **Easements ☞16 — Where owner divided tract with alley between, each purchaser had right in alley, with right to enjoin obstruction.**

Where the owner of an entire tract created two separate and distinct lots for residence purposes, and separated them by an alley which she subjected to the joint and several uses of the occupants of the respective lots, a purchaser of one of the lots had by implication of law an easement in the alley as against the owner thereof, and enjoyed the same right as against a purchaser of the other lot, and could enjoin such other purchaser from obstructing the alley.

5. **Property ☞9 — Continuous possession of land under claim of title creates presumption of ownership.**

Continuous possession of land under claim of title creates a presumption of ownership.

6. **Easements ☞36(1)—Continuous user of easement presumptive evidence of ownership as against one who does not show a superior right.**

Continuous user of an easement such as the right of way over an alley under claim of right is presumptive evidence of the ownership of the easement, as against one who does not show a superior right.

7. **Easements ☞8(4)—Use of alley to entitle one to easement must not be shared by general public, nor depend on assertion or exercise of similar right by others.**

Use of alley to constitute adverse user, entitling one to an easement therein, must not be shared by the general public, nor depend on the assertion or exercise of a similar right by others.

8. **Easements ☞61(8)—Allegations held to show exclusive use of private alley by one who claimed easement therein by public user.**

In action to enjoin obstruction of a private alley, in which complainant claimed to acquire easement by adverse user, allegations held to show that complainant's user was not shared by the general public, and did not depend on the assertion or exercise of a similar right by others.

9. **Pleading ☞208—Demurrer to bill for omission of allegation must specify such defect.**

Demurrer to bill for the omission of particular allegation must specify such defect; general objections being insufficient.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Bill by A. C. Avinger against Maude W. Brewer for injunction. From a decree overruling demurrers respondent appeals. Affirmed.

The bill of complaint was filed on December 28, 1921, to enjoin the obstruction by respondent of a private alleyway running between premises owned by the respective parties.

The bill shows that complainant owns the property known as No. 19 Alabama street, in the city of Montgomery; that respondent owns the property known as No. 15 Alabama street in said city; that an alley 12 feet in width runs between said lots to a depth of 100 feet; that both of said lots and the said alleyway were owned by Mrs. Carrie A. Lomax contemporaneously for 20 years prior to her death in 1907, and that during her lifetime she erected the houses now standing on said lots, and established the alleyway in question, which was thereafter, during her lifetime, continuously used by the occupants of said abutting premises as appurtenant to

both of them, for the general purposes of a right of way, as such ways are commonly used.

The bill further shows that Mrs. Lomax died in 1907, leaving a will by which she devised the said premises, "my house and lot on Alabama street known and designated as number 19 Alabama street, Montgomery, Alabama," to Charles T. Pollard, and "my house and lot on Alabama street, known and designated as number 15 Alabama street," to Tennent L. Stewart; that No. 19 has passed by mesne conveyances to this complainant, and that No. 15 has likewise passed to this respondent; and that "the only right, title or interest of said Mrs. Maude W. Brewer [the respondent] in or to said alleyway is that, if any, devised to Tennent Lomax Stewart, as hereinabove set out."

In paragraph 3 of the bill, wherein the above facts are set out, complainant avers, as a legal conclusion therefrom, that the devise and the serial conveyances under which he claims vested in him an estate in fee to the center of the alleyway and a right of way over and right to use it in connection with his said premises for the purposes aforesaid.

In paragraph 4 of the bill it is further averred that, if complainant is mistaken as to the legal effect of said bill and conveyances under the facts already shown, then the right of way and user exists in view of the further facts that his house occupies all of the front part of the lot, and shuts off all ways of access to and egress from the lot; that at no time since the building of the house has there been any other way, except said alleyway, through which to haul fuel, groceries, and other heavy commodities to and from it; and that during Mrs. Lomax's lifetime and until now such use of the alley has been and continues to be necessary to the enjoyment of complainant's said house and lot.

In paragraph 5, complainant sets up alternatively a right of way and user by adverse possession, the averments being:

"That continuously since the death of said Mrs. Carrie A. Lomax, and without interruption, said alleyway has continued to be used by the occupants of said house and lot number 19, * * * and by complainant and his predecessors in title * * * (for the purposes already specified); that said use * * * was not permissive, * * * but that they so used said alleyway under a claim of right, openly, notoriously and adversely."

Demurrers to the bill challenged its sufficiency, on various grounds, as a whole, and in its several aspects separately. The appeal is from the judgment of the court overruling the demurrers.

Steiner, Crum & Weil, of Montgomery, for appellant.

So long as the title to all the property remained in Mrs. Lomax, no easement existed; and it was only by a severance of the property agreeable to her will that the creation of an easement could be claimed. 19 C. J. 945; 128 Ala. 67, 29 South. 588, 86 Am. St. Rep. 74; 144 Ala. 448, 39 South. 749, 3 L. R. A. (N. S.) 1082. An easement claimed under the circumstances here could only be asserted by showing necessity for its use; and the test of such necessity is whether the grantee might at a reasonable expense procure for himself a similar easement. 86 Ala. 458, 5 South. 791, 3 L. R. A. 861; 19 C. J. 916; 18 N. J. Eq. 260; 101 Ala. 554, 14 South. 630. With regard to ways classed as continuous easements, an absolute necessity must be shown as a condition to the enforcement of an easement therein. 18 N. J. Eq. 265; 21 N. Y. 505; 66 Miss. 136, 5 South. 228, 14 Am. St. Rep. 554. The use alleged to have been made of the alley was joint, not exclusive, and does not show a right by prescription. 193 Ala. 312, 69 South. 445; 129 Ala. 476, 29 South. 683, 87 Am. St. Rep. 71; 137 Ala. 147, 33 South. 821; 144 Ala. 455, 39 South. 749, 3 L. R. A. (N. S.) 1082. If a bill fails to set forth every essential fact necessary to make out complainant's title to maintain the bill, the defect will be fatal. 202 Ala. 45, 79 South. 381; 67 Ala. 560; 135 Ala. 599, 33 South. 696.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellee.

A partial demurrer cannot be directed to allegations not separable from the rest of the bill, and not together and alone constituting the basis of some portion of the relief sought. 21 C. J. 442; Sims, Ch. Pr. 284; 81 Ala. 548, 1 South. 217, 60 Am. Rep. 175; 134 Ala. 420, 32 South. 748. The mere general averment of ownership was sufficient, without tracing the source of title. 163 Ala. 329, 50 South. 232; 19 C. J. 1000. The rights of the parties in the alleyway are equal; each owns the fee to the center, and an easement over the other's half. 193 Ala. 312, 69 South. 445. Where a man owns two parcels of land and conveys one of them, all such continuous and apparent quasi easements as are reasonably necessary to the enjoyment of the property pass to the grantee. 144 Ala. 448, 39 South. 749, 3 L. R. A. (N. S.) 1082; 19 C. J. 915, 919.

SOMERVILLE, J. [1] It is a settled rule of construction that—

"Where a deed describes the land as *bounded on an alley*, the grantee's title extends to the center line thereof, in the absence of an express intent to the contrary, and the intent of the grantor to withhold his interest in the alley will never be presumed." 9 Corp. Jur. 205, §§ 106, 107, and cases cited thereto.

But where the deed of conveyance makes no reference to an alley there is no authority

for the proposition that the grantee acquires such an interest *in fee*, unless the description in the deed, by common usage and understanding, includes the alleyway.

[2, 3] The allegation of the bill that complainant acquired the fee to the center of the alley in question is by way of legal conclusion merely, and adds nothing to the equity of the bill; nor does the invalidity of that conclusion render the bill subject to demurrer either in whole or in part, if the facts alleged entitle complainant to the use of the alley as appurtenant to his lot, and to the protection of his rights therein by injunction, as against this respondent.

Under the showings of the bill, there is no question presented here as between the respective owners of a dominant and a servient estate; for here the owner of an entire tract has created two separate and distinct lots and tenements for residence purposes, and has separated them by a 12-foot alley, which she subjected in equal degree to the joint and several uses of the occupants of the respective lots, uses which were continuous and apparent. These lots and tenements were then contemporaneously devised by the owner to separate individuals, without any previous change in the status and uses of the alley; and that status and those uses have continued down to the present time.

If this alley were in fact a part of the premises designated as "number 15 Alabama street," the principles which govern as to the creation and enjoyment of easements in favor of dominant estates, and the subjection thereto of servient estates, would of course be called into action; and it may be noted, for the purpose of analogy only, that—

"Where the owner of an entire tract of land, or of two or more adjoining parcels, employs a part thereof so that one derives from the other a benefit or advantage of a continuous and apparent nature, and sells the one in favor of which such continuous and apparent quasi easement exists, such easement, being necessary to the reasonable enjoyment of the property granted, will pass to the grantee by implication." 19 Corp. Jur. 914, § 103.

This subject has been discussed quite fully by this court, with citation of authorities, in Walker v. Clifford, 128 Ala. 67, 29 South. 588, 86 Am. St. Rep. 74, and Gaynor v. Bauer, 144 Ala. 448, 39 South. 749, 3 L. R. A. (N. S.) 1082. See, also, 9 R. C. L. 759, 760, 761, §§ 25 and 26.

As pointed out by those authorities, the implication of an easement in favor of the grantee of a dominant estate is supported by a *reasonable necessity* for its enjoyment; while a like implication *against* the grantee of a servient estate, in favor of the grantor, can be supported only by a strict or absolute necessity.

[4] We think it is perfectly clear, under the allegations of the bill, that complainant has by implication of law an easement in the alley as against the owner, as asserted in the bill; and, having such a right as against the owner of the fee—whoever he may be—he has, a fortiori, the same right as against this respondent, who is shown to have no other right or interest than that of an easement by implication, of exactly the same quality as complainant's.

The allegations of paragraphs 3 and 4 cannot be construed as assertions of two independent equities. On the contrary, they merely supplement each other, and together serve to support an implied easement founded on the intention of the devisor, and the reasonable necessity of the devisee, and his successors in estate, for the proper enjoyment of his premises. That the bill makes a case of such reasonable necessity cannot be doubted.

As to the other aspect of the bill—its assertion of complainant's right to use the alley independently of any implied grant or devise from the owner of the fee, by virtue of his continuous adverse user thereof for 14 years, without permission of the owner and under claim of right—we need not determine whether the allegations of the bill are sufficient to show the acquisition of such an easement as against the owner. See Jesse French P. & O. Co. v. Forbes, 135 Ala. 277, 33 South. 183; Sharpe v. Marcus, 137 Ala. 147, 33 South. 821; 9 R. C. L. 772, §§ 33, 34, 36; 19 Corp. Jur. 891, § 59.

The allegations are clearly sufficient to show a prima facie right as against this respondent, who does not own the fee in the alley, and who, under the showings of the bill, has no right to its exclusive use, nor any right to interfere with plaintiff's use.

[5, 6] As continuous possession of land under claim of title creates a presumption of ownership (Eagle & P. Mfg. Co. v. Gibson, 62 Ala. 369; Dodge v. Irvington Land Co., 158 Ala. 91, 48 South. 383, 22 L. R. A. [N. S.] 1100), so continuous user of an easement—as here, the right of way over an alley—under claim of right is presumptive evidence of ownership of the easement, as against any one who does not show a superior right.

[7-9] It is to be noted, however, that the only defect in the allegations of adverse user, if defect it be, is the omission to allege categorically that the user was *exclusive*. We think, however, that other allegations in preceding paragraphs of the bill sufficiently show that complainant's user was exclusive in the sense required by the law; that is, that it was not shared by the general public, and did not depend upon the assertion or exercise of a similar right by others. 19 Corp. Jur. 891, 892, § 59. Moreover, no ground of demurrer specifically points out the omission of such an allegation, and general objections cannot avail. We hold that there is equity in the bill, and that none of

the special grounds of demurrer are well taken.

It results that the demurrers to the bill were properly overruled, and the judgment thereon must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.