235 So.2d 805

**Clifton BAZZELL et al.**

v.

**Alva CAIN.**

**3 Div. 427.**

Supreme Court of Alabama.

May 28, 1970.

Clarence M. Small, Montgomery, for appellants.

A. Ted Bozeman, Montgomery, for appellee.

HARWOOD, Justice.

This case originated when Alva Cain filed a bill seeking to enjoin Clifton Bazzell and Mattie Bell Bazzell, owners of the

lot adjoining Cain's lot on the west, and the Capitol Fence Company, from erecting a fence on or near the line separating the Cain and Bazzell lots. The bill asserted that erection of the fence would block a driveway between the two lots, and that "for the past forty years your complainant has had the undisturbed joint use of said alleyway with the respondents and their predecessors in title, and during all this period of time, the respondents and their predecessors in title have recognized the right of the complainant to the use of said alleyway."

A temporary injunction was issued prohibiting the erection of the fence upon the complainant filing a specified bond.

Demurrers were filed to the bill and overruled.

The respondents then filed their answer, stating, however, that they were yet insisting on their demurrers.

The cause came on for hearing on the question of making the temporary injunction final. At the conclusion of this hearing, the court entered a decree finding that the complainant "has used this driveway for over forty years and has always asserted a right to the use thereof. The court finds that the complainant has established the right to the use of the joint driveway located between the property of the complainant and the property of the respondents and being partially on the property of the complainant and partially on the property of the respondents. Said property being more particularly described as follows:"

(Here followed a description of the property)

"The Court is further of the opinion that any blocking of the driveway by the fence or otherwise would do irreparable damage to the Complainant in that it would deny Complainant access to his property and the right to the use of the driveway, which right has been established; therefore the injunctive relief prayed for should be granted."

The court then decreed that respondents remove the fence posts already erected from the driveway, and enjoined any further blocking of the driveway.

The undisputed evidence shows that the two contiguous lots in question, referred to in briefs as Lot 22 and Lot 24, front on Pickett Street in the City of Montgomery, run through the block and are bounded on the rear by Edward Street. Each lot is 75 feet in width. Originally both lots were owned by the father of the appellee Cain. In 1921 or 1922, the appellee and his father put in the driveway. According to the appellee:

"Well, we just * * * whenever he was living there * * * got it as near in the center as we could between the two houses, see, and put the driveway there."

In 1931 or 1932, Lot 24 was deeded to the appellee by his father. Title to Lot 22 passed by mesne conveyances to the appellants in 1955.

According to witnesses for the appellee, it was the intention of the Cains, at the time the driveway was put in, that half of it should be on each lot. The driveway was built of gravel, and there was some evidence that through the years the driveway has shifted to the east. At any rate, according to a survey of the lots made in 1968 by W. E. Wood, a registered surveyor, the driveway is entirely on the lot of the appellants except possibly for some loose grave that may have been thrown onto appellee's lot.

Indisputedly, it appears that after the gravel was placed on the driveway the owners of the two lots used the same jointly. Of course at first the lots were owned by Messrs. Cain, father and son.

As the the use of the driveway through the years, and appellee's claim of right to

such use, we copy the following from the testimony of the appellee:

"Q. Now, Mr. Cain, you say you never claimed any interest in Mr. Bazzell's lot?

"A. I have never claimed no interest in his lot, no sir.

"Q. And you don't now claim any?

"A. No, sir. I don't claim any. What he owns is his.

"Q. The use of this driveway has been understood between you that it was partly his and partly yours; is that right?

"A. It has always been there. Never been no question.

"A. Were you under the impression half of that driveway was on his lot and half was on his? (sic)

"Q. Oh, yes. That has always been the impression and we always used it.

"Q. I will ask you further if that was the reason why you claim you had a right to use it because half of it was on your lot?

"A. Well, I knew a part of it was mine, see. And, you know, just like I said, I didn't measure it, I didn't go out there and measure it, but I knew part of the driveway was mine and part was his, see, and I never asked him nothing and he never asked me nothing.

\*   \*   \*   \*   \*   \*

"Q. All right. Mr. Cain, have you ever told Mr. Bazzell, or anybody who ever lived there, that you claimed any interest in that driveway and that you owned it or you claim it as your own?

"A. No, sir. Just like I said, we never had no question about the driveway.

"Q. You never told that to anybody?

"A. No, sir. We never had any words about the driveway. It has just been there.

"Q. Would you say that your use of the driveway prior to the time Mr. Bazzell moved there was just by a joint agreement?

"A. There has never been no agreement with nobody. The driveway is there just like Dexter Avenue is open.

\*   \*   \*   \*   \*   \*

"Q. You never considered the driveway as your own?

"A. Oh, no. I knew it wasn't mine, all of it. Some of it was, but not all of it.

"Q. And the reason you though some of it was because you thought it was on your lot.

"A. Yes, sir.

"Q. And if it turns out none of the driveway is on your lot do you still claim any interest in it?

"A. I claim that we have been using the driveway all the time. I mean, I am claiming I am entitled to the use of it."

█ It is perfectly clear that the appellee is claiming is an easement for the use of a driveway located largely, if not entirely, on the land of the appellants. the Bazzells.

In West v. West, 252 Ala. 296, 40 So.2d 873, the question of obtaining an easement in the land of another is thoroughly discused with a review of the decisions affecting this question. While numerous additional decisions could be alluded to, we need go no further than *West,* supra, in reaching a conclusion in this review.

In *West,* supra, it was pointed out that under our decisions an uninterrupted use of a way over the land of another by the general public for a period of twenty years or longer, creates a presumption of a dedication of the way to the use of the public, even though the owner enjoys the use of the way along with the general public. However, in case of the claim of an ease-

ment for a private way, the rule is stated as follows:

> "But a different rule controls the effect of a user by one as the basis of the claim of a private easement. To create such an easement, there must be evidence that the use was adverse to the owner. Such nature of use will not be presumed, but the evidence must be such that its adverse nature is a proper inference. Hill v. Wing, 193 Ala. 312, 69 So. 445, 449; Steele v. Sullivan, 70 Ala. 589; Stewart v. White, 128 Ala. 202, 30 So. 526, 55 L.R.A. 211; Sharpe v. Marcus, 137 Ala. 147, 33 So. 821; Jesse French (Piano & Organ) Co. v. Forbes, 129 Ala. 471, 29 So. 683, 87 Am.St.Rep. 71; Trump v. McDonnell, 120 Ala. 200, 24 So. 353. The presumption is that the user is permissive rather than adverse, unless it is shown otherwise. [Birmingham Trust & Savings Co. v. Mason, 222 Ala. 38, 130 So. 559] 222 Ala. at page 40, 130 So. at page 560."

Mr. Cain's own testimony itself in no way tends to rebut the presumption that the use of the private way between his lot and that of the appellants was permissive only. In fact, it tends to establish that his use of the driveway was not hostile or adverse to the appellant.

■ An acquiescence for long term of years of a way that may be partly on one side of a boundary line and partly on the other side, and used mutually by both lot owners, does not create a title in and to the land of the other for the reason that such use is not hostile or adverse. No easement can be acquired when a use is by express or implied permission. Kirkland v. Kirkland, 281 Ala. 42, 198 So.2d 771.

Under the undisputed evidence the appellee's lot abutted on the south on Pickett Street, and on the north on Edward Street, two public streets in the City of Montgomery. Appellee thus had access to his lot from either street, though under appellee's evidence neither access would be as convenient as the present driveway.

■ Where one can get to his property over his own land, he cannot claim a way of necessity over the land of another. That the way over the land of another is more convenient is no basis for awarding a way of necessity. Birmingham Trust and Savings Co. v. Mason, 222 Ala. 38, 130 So. 559; Hill v. Wing, 193 Ala. 312, 69 So. 445; Crawford v. Tucker, 258 Ala. 658, 64 So.2d 411.

We are therefore not in accord with the Chancellor's conclusions that the blocking of the driveway by the proposed fence would do irreparable damage to the appellee by denying him access to his property.

The appellee places much reliance upon Brewer v. Avinger, 208 Ala. 411, 94 So. 590, to support the decree rendered below. However, in that case the owner of an entire tract created two separate lots, separated by a 12 foot alley subjected in equal degree to the joint and several uses of the respective owners of the two lots. The court stated that under such showing the owner of each lot had by implication of law an easement in the alley for use as such, and one owner could enjoin the other from obstructing the alley.

In the present case, the two lots are contiguous, with no way separating them nor indeed is any right to the use of any way shown by the pleadings or the evidence. Such difference in facts renders Brewer v. Avinger, supra, inapplicable to our present considerations.

■ It is our conclusion that under the undisputed facts there was a misapplication of the law by the Chancellor to such facts. Under these circumstances the favorable presumption attending a trial court's finding of facts on disputed facts does not obtain. Henderson v. Henderson, 228 Ala. 438, 153 So. 646; Turner v. Turner, 251 Ala. 295, 37 So.2d 186.

Since the undisputed evidence fails to show that the appellee acquired any right to an easement over the land of the appellants, the Chancellor erred in so decreeing, and further erred in enjoining the appel-

lants from erecting the fence on appellants' land.

The injunction issued by the lower court is dissolved, and the decree is reversed.

Reversed and rendered.

LIVINGSTON, C. J., and LAWSON, MERRILL and MADDOX, JJ., concur.