# Trump *v.* McDonnell.

*Bill in Equity to enjoin Obstruction of, and to establish a Private Road.*

1. *Private roads; what necessary to establish right of user by prescription.*—To establish a continuing right of user, resting on prescription or the statute of limitations, it must be shown, by evidence other than the fact of user, however long continued, that there has been adverse user under claim of right.

2. *Same; same; mere user does not raise presumption of claim adverse to owner.*—The mere continuous user of a way or road over uninclosed lands, whether unreclaimed woodland or lands once reclaimed and put to agricultural uses but afterwards left open as old fields, involving no injury to the owner, is presumed to be permissive, and does not raise a presumption of a claim adverse to the owner, or of claim of right to so use it.

3. *Same; way of necessity defined.*—A way of necessity. which arises where the owner sells lands to another which is wholly surrounded by the land of the grantor, or partly by the land of the grantor and partly by the land of a stranger, does not arise in favor of one who does not derive title through the owner of the land over which the way is claimed, or where there are other reasonably practical ways of ingress and egress into and out of the premises of such claimant.

4. *Same; estoppel to close up road; when not shown to exist.*—The owner of lands over which a private road has been used is not estopped to assert his right to close up said road, by the fact that another person from whom he does not derive title to the lands over which the road runs exchanged other lands with the grantor of the person asserting the right to use said road, and that the lands so exchanged now constitute a part of the premises owned by the party obstructing the road; and especially is this true, when it does not appear that said exchange of lands bore any relation to said road, or was affected in any way by the fact that at the time of the exchange the said road was being used by the grantor of the person asserting the right to use the road.

[Trump v. McDonnell.]

APPEAL from the Chancery Court of Madison.
Heard before the Hon. WM. H. SIMPSON.

The facts of the case are sufficiently stated in the opinion.

SHELBY & PLEASANTS, and HUMES, SHEFFEY & SPEAKE, for appellant.—The proper remedy to protect and establish a right of way is by bill in equity and injunction. *Lide v. Hadley*, 36 Ala. 635; *Burden v. Stein*, 27 Ala. 104; *Wharton v. Hannon*, 101 Ala. 554.

Ten years adverse user of a right of way will give a right by prescription by analogy to the statute of limitation of ten years.—*Richard v. Williams*, 7 Wheaton (U. S.) 59; 19 Am. and Eng. Ency. Law, p. 11, note 2; *Wright v. Moore*, 38 Ala. 593; *Nininger v. Norwood*, 72 Ala. 285.

The use of a right of way for the requisite length of time is presumed to be under claim of right and adverse, and shifts the burden of proof.—Elliott on Roads and Streets, (1890), p. 39; 19 Am. and Eng. Ency. Law, 15, note 1; *Blake v. Everett*, 1 Allen (Mass.) 248; Washburn on Easements (2 ed.), p. 153, §. 7; *Miller v. Garlock*, 8 Barbour 153; *Williams v. Nelson*, 23 Pick. 141; *Garrett v. Jackson*, 20 Penn. St. 331; 7 Central Law Journal, p. 124; *O'Daniel v. O'Daniel*, (Ky.), 10 S. W. Rep. 638; *Rogerson v. Sheppard*, (W. Va.), 10 S. E. Rep. 633. The road is presumed after 20 years to have been established by law.—Elliott on Roads and Streets, p. 134, note 1, and authorities there cited.

Defendant is estopped.—Elliott on Roads and Streets, p. 14; 7 Am. and Eng. Ency. Law, pp. 12–19; *Markham v. O'Conner*, 52 Ga. 183; s. c. 21 Am. Rep. 249.

The right of way claimed is a way of necessity.—19 Am. and Eng. Ency. Law, p. 96, § 3, and authorities cited; Washburn on Easement, 218.

A road across uninclosed lands is held adversely, if the nature of the user is permanent.—*Hansford v. Berry*, 23 S. W. Rep. 666; *Western Ry. Co. v. Ala. G. T. R. R. Co.*, 96 Ala. 272; *Worrall v. Rhoads*, 30 Am. Dec. 274.

TANCRED BETTS and R. W. WALKER, *contra.*—Where a right of way is claimed by a private person, upon the

[Trump v. McDonnell.]

principle of prescription, the use and enjoyment must have been adverse to the owner of the estate from which the easement is claimed, under a claim of right, exclusive, continuous, and uninterrupted, and with the actual or presumed knowledge of such owner for not less than ten years; mere user is not presumed to be adverse. *Gage & Co. v. Mobile & Ohio R. R. Co.*, 84 Ala. 224; *Steele v. Sullivan*, 70 Ala. 589, 595; 19 Am. and Eng. Ency. Law, pp. 12, *et seq.* and 103; 6 Lawson's Rights, Remedies & Practice, p. 4553; *Gindrat v. West. Rwy. Co.*, 96 Ala. 171; *West. Rwy. of Ala. v. Ala. Gr. Trunk R. R. Co.*, 96 Ala. 277; *Pickett v. Doe*, 74 Ala. 131; *Allison v. Robinson*, 97 Ala. 600; *Newman v. Eureka Co.*, 98 Ala. 181; *Harper v. State*, 109 Ala. 68; *Wells, Admr. v. American Mortgage Company*, 109 Ala. 445.

Where a person, to reach the public road, passes over a piece of uninclosed, unused woodland, which has never been inclosed by a fence, and from time to time varies the route travelled, either for his own convenience, or because of temporary uses made by the owner of portions of the route previously travelled, as in the case of roads through unreclaimed forests, in early settlements, such use is not evidence of an adverse claim, nor the foundation of a prescriptive right of way.—*Rosser v. Bunn*, 66 Ala. 89; *Western Ry. of Ala. v. Ala. Gr. T. R. R. Co.*, 96 Ala. 272; *Shultzner v. State*, 43 Ala. 30.

A way of necessity does not arise where there are other practical ways of ingress and egress.—19 Am. and Eng. Ency. Law, p. 96.

McCLELLAN, J.—This bill is prosecuted by Trump against McDonnell, to enjoin the defendant from closing up a road leading from complainant's premises across certain uninclosed woodland of the defendant into a public road, and to establish said road. The complainant's alleged right to the relief prayed is rested upon three grounds in the bill of complaint, to-wit: *First*, that complainant and his predecessors in estate have been in the continuous adverse use of said road for a sufficient length of time to vest and confirm the right of continued user in the complainant; *second*, that the way is one of necessity to the complainant; and, *third*, that

defendant is estopped to deny or dispute complainant's right of continued user. These alleged bases of complainant's title to relief we will consider in the order we have stated them.

In respect of adverse user of the way by the complainant and those under whom he succeeded in title to the premises now owned and occupied by him, it may be conceded that a way about where the road in controversy now runs was in use by complainant and his grantors, mediate and immediate, continuously for more than twenty years prior to time of bill filed, (January 13th, 1894), with an interruption of use, caused by fences built across the road by the defendant or his ancestor, for a period variously stated by the witnesses at from six months to four or five years, and that this obstruction was removed more than ten years before the filing of the bill. This concession marks the extremest limits of complainant's case so far as it is rested on the claim of adverse user. It is to be noted the facts we have conceded do not involve, unless it be by way of presumption from mere user continued for the period of the statute of limitations or of prescription, any claim of right to use the way as it has been used, and hence no element of a user adverse to the owners of the land. The testimony in the case fails to show to any satisfactory degree that complainant and those under whom he holds have ever, until within a month or so before bill filed, asserted or claimed the *right* to use said way across defendant's land, and we do not understand it to be seriously contended for appellant that an adverse user has been shown by the evidence adduced on the hearing. But appellant's position in this regard is that continuous user of a way or road over and through open, uninclosed woodland of another raises a presumption of claim of right and of itself makes a *prima facie* case of a user adverse to the owner ; and on this position is rested complainant's whole case so far as user is concerned. This position cannot be maintained under the decisions of this court. In view of the custom of the country and the usage of the people to pass without hindrance over uninclosed land, whether it be woodland which has not been reclaimed for the purposes of husbandry, or lands which having once been reclaimed and put to the uses of

[Trump v. McDonnell.]

agriculture have been "turned out" and left open as "old fields," to employ the expressions of common parlance, the law is settled with us, that the mere user of such land for road purposes, involving as it does ordinarily no injury to the owner having presently no end to subserve by excluding others from it, carried with it no presumption of adverse claim or claim of right to so use it; and of necessary consequence that the adverse character of such user, if it has such character, essential to the establishment of a continuing right of user resting on prescription or the like, must be shown by evidence *aliunde*, so to speak; evidence other than the fact of user however long continued. The presumption in such cases is that the user is permissive; and it is a perfectly natural presumption, since the use conflicts with no interest of the owner in the land, does not interfere with any use he presently desires to make of it, nor curtail or limit in any way his enjoyment of it in the state and condition in which he has put it or allowed it to remain, and very frequently, as in this case, conserves the ends of good neighborhood. We need do no more on this branch of the case than to cite the adjudications of this court: *Shultzner v. State*, 43 Ala. 24, 30; *Steele v. Sullivan*, 70 Ala. 589, 595; *Gage & Co. v. Mobile & Ohio R. R. Co.*, 84 Ala. 224; *Rosser v. Bunn & Timberlake*, 66 Ala. 89.

2. Is the complainant entitled to have this road established and perpetuated as a way of necessity? We think not. Counsel for appellant adopt the definition in this regard of the Encyclopædia of Law, viz.: "A way of necessity arises where the owner sells land to another which is wholly surrounded by the land of the grantor, or partly by the land of the grantor and partly by the land of a stranger."—19 Am. & Eng. Encyc. of Law, p. 96. The complainant does not bring the road within this definition. The owner of this land never sold any land to the complainant, nor to those through whom complainant derives the title to the land he now owns. The defendant's mother exchanged some land with a former owner of complainant's premises, and the land she so exchanged is now a part of said premises; but the land over which this road runs was never owned by her, and came to the defendant, of course, not

[Trump v. McDonnell.]

through her but from his father. And it is of no conse-
quence in this connection that she received, or her hus-
band for her received, some money in addition to land
in exchange. The money was hers, and neither the
husband nor his heirs can be charged in this connection
on account of it.

But aside from the foregoing consideration this can-
not be said to be a way of necessity for that the evidence
clearly shows that there are other reasonably practical
ways of ingress and egress for complainant into and out
of his premises. It is a way of convenience merely to
the complainant, and of great inconvenience and dam-
age to the defendant.

3. Nor can the estoppel, which complainant asserts
is upon the defendant to close up this road, be supported
by the exchange of lands to which defendant's mother
was a party, and with which defendant as the owner of
this land has no connection. So far as this record dis-
closes neither he nor his ancestor from whom he has
title to this land took anything through that exchange,
or was in any way benefitted by it; nor does it appear
even that that transaction bore any relation to this road
or was affected in anywise by the fact that at the time it
occurred this way was being used by the owners of the
premises now owned by the complainant.

What we have said suffices to dispose of this appeal
adversely to the appellant. We will add, however, that
on the evidence in the record before us we should have
little difficulty in reaching the conclusion that the way
in question has all along been used, when it has been
used at all, by the complainant and his predecessors in
estate in affirmative recognition of defendant's domi-
nant right over the road and to close it up, as he now
proposes, whenever it suited his convenience so to do.

The decree of the chancery court denying relief and
dismissing the bill must be affirmed.

Affirmed.