# Norton *v.* The State.

*Carrying Concealed Pistol.*

(Decided June 18, 1914.   65 South. 689.)

1. *Weapons; Offense; Statute.*—Under Acts 1909, p. 258, the open carrying of a pistol on a private roadway, maintained by the proprietor of a cotton gin, and open to the public for the purposes of egress and ingress is unlawful; the gin owner having the right to close the way and such was not being like a public highway over which any member of the public may openly carry weapons without violating the statute.

2. *Dedication; Streets; What Constitutes.*—To constitute a dedication, the act alleged to constitute such a dedication must confer some property right on the public either in the thing itself, or an easement therein which the grantor cannot revoke; hence, where the grantor merely gave the public a temporary right to use a private way, no dedication occurred, and the public only had a license to use the way.

[Norton v. The State.]

APPEAL from Henry Circuit Court.

Heard before Hon. M. SOLLIE.

Albert Norton was convicted of unlawfully carrying a pistol, and he appeals. Affirmed.

W. L. LEE, for appellant. The way over which the pistol was carried was dedicated to the public, and defendant had a right to be there with his pistol unconcealed.—12 Ga. 239; 4 Fed. 161; 30 Kan. 620, and defendant was therefore entitled to have a verdict directed for him.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. The way was a private way, and defendant was without right to be on it with an unconcealed weapon against the wishes of the owner.—*Gage v. Mobile*, 84 Ala. 224; 2 Mayf. 1054, et seq.

THOMAS, J.—The act entitled "An act to regulate the right to carry a pistol in this state," approved August 26, 1909 (Gen. & Local Acts 1909, pp. 258, 259), makes it unlawful for "any person to carry a pistol about his person on premises not his own or under his control." Our Supreme Court, in the construction of this statute, has said:

"It * * * is intended to prevent one person from going around with a pistol upon the premises of another, and does not prohibit the carrying of same, if not concealed, upon the highway or elsewhere other than upon the premises of another."—*Isaiah v. State*, 176 Ala. 28, 58 South. 53.

In the present case it appears that, at the time the defendant carried the pistol in question, one Holmes was operating on his own premises a public gin, which

was located along the side of and near the public road that passed or led by said gin; and that he (Holmes) for purposes of egress and ingress to and from his gin to the said public road, which led from the said public road to his said gin, and over which the public were impliedly invited to travel in bringing their cotton to and from his gin or in coming there for other purposes connected therewith. While the state's evidence tended to show that the defendant, who came in his buggy from the public road to the gin over the gin-house road mentioned, with his pistol in the bottom of his buggy, did, after reaching the gin, get out of his buggy, pick up his pistol, and with it in his hand go out of the road into the ginhouse yard; yet the evidence for the defendant tended to show that at no time did he get outside of this gin-house road with his pistol, but that he remained in said road during all the time that he had the pistol while at the gin and that the pistol was never concealed.

At the conclusion of the evidence, he requested two charges, the refusal of the court to give which is the only point prescribed by the record, to-wit:

(1) "The court charges the jury that, if they believe from the evidence that the owner of the gin property opened a road leading from the public road to the gin property and dedicated to the public the road as long as the gin was run as a public gin, then the defendant had the right to be there, and if they further find that the defendant did not conceal the pistol about his person, while there, they should acquit the defendant."

(2) "The court charges the jury that the law against carrying an unconcealed pistol on property not his own does not prevent the carrying of a pistol unconcealed along or on a public highway, and if the jury believe that Holmes opened up a public gin and a road from said public gin to the public highway over which the

public were invited to travel and did in fact travel to and from said public gin to said public highway, then the said road from said public gin to said public road or highway became a public road within the meaning of the law, and the defendant had a right to carry a pistol unconcealed along and over or on this road."

From the excerpts taken from the statute and from the opinion of our Supreme Court construing it, which we have hereinbefore quoted, it seems to us plain that while, so far as the statute mentioned is concerned, a person has the right to carry a pistol unconcealed upon his own premises or upon premises, though not his own, that are in his possession or under his control, or, since he is a part of the public and has a common interest, title, and right, as such, upon any property owned by or belonging to the public, as public highways, public parks, public buildings, etc., the title to which is in the public, state or nation; yet he is not permitted to carry such pistol, whether concealed or unconcealed, upon the premises of another, not under his control, although such premises, at the time of such carrying, had, by reason of the use to which the owner had put them, become a public place. Holmes, by his act in operating a public gin on his premises and in opening up the mentioned road to it for the purposes stated, no doubt made each place (the gin and the road) a public place, but neither the gin nor the road became thereby dedicated to the public, that is, neither became public property; since the public, as the result of such act, had in no sense any right, title, or interest in either, but merely an invitation and license to come to the one over the other, which invitation and license Holmes could revoke or withdraw whenever he saw fit by discontinuing the operation of the gin and by closing up the road, or otherwise.—*Gage v. Mobile,* 84 Ala. 224, 4 South. 415. It cannot with any

greater degree of logic or reason be urged that he had dedicated the road to the public than that he had dedicated his gin to the public and it can no more be said that he had dedicated his gin to the public than it can be said that a hotel proprietor or a theater manager dedicates his hotel or opera house to the public by opening the doors of their respective buildings and inviting the public thereto to enjoy for a reward the character of entertainment to which such buildings are severally adapted.

For any act to constitute a dedication, it must confer some property right upon the public—either in the thing itself or to some easement therein—which the grantor cannot revoke; otherwise, it is a mere license, and the title remains in the licensor.—2 Mayf. Dig. 1054 et seq. The public had no title to the road in question nor to any easement therein, but such title remained, though the road became a public place, the individual property of Holmes, and the defendant had, under the statute, no more right to carry a pistol, though unconcealed, on such road than he did on the ginhouse yard or grounds, or at other places or parts of the plant.

The court did not err in refusing the charges mentioned, and the judgment of conviction is affirmed.

Affirmed.