PEOPLE ex rel. STANDARD GAS LIGHT COMPANY OF THE CITY OF NEW YORK, Relator, *v.* JACOB A. CANTOR and Others, as Commissioners, Respondents.

Supreme Court, New York Special Term, January, 1923.

Easements — when do not pass under grant of appurtenances — assessments on real estate — certiorari — when claim that land is burdened with easement properly disallowed.

Easements which will pass under a grant of " appurtenances " are easements over lands of third persons; the intention to impose such a servitude over other property of the grantor must be clear before the inference can be indulged and the inclusion of " appurtenances " in the grant is not enough to justify such an inference.

In all conveyances to which title to lot 28 vested in one J. an easement appurtenant was created and the N. map was referred to and a certain avenue shown thereon was given as the easterly boundary of the lands conveyed. *Held,* that J. took the title to the bed of the street abutting on his lot and extending to the middle line of the street.

A deed of said lot with the appurtenances given by J. to W. was so worded as to prevent any rational inference except that the original easement was thereby abandoned and destroyed, no mention being made therein of the N. map and no reference made to the avenue. J. retained, leased and finally sold and conveyed the abutting lot in the street bed, appearing on the tax map as No. 28½, upon which in the meantime buildings had been erected, by a bargain and sale deed without warranty. Upon certiorari to review assessments upon certain lots, the relator's case rested upon the single proposition that at the time of the assessments said lots were subject to an easement appurtenant to lot 28. *Held,* that the writs will be dismissed and the assessments confirmed.

CERTIORARI to review assessments.

*Sherman & Sterling (Curtis A. Peters,* of counsel), for relator.

*John P. O'Brien (Isaac Phillips,* of counsel), for respondents.

PLATZEK, J. Relator's case rests upon the single proposition that at the time of the assessments the lots in question were subject

to an easement appurtenant to lot 28. I am of the opinion that there was no such easement when the assessments were made. It is undisputed that an easement was created by the conveyances of the master in chancery and the mesne conveyances through which title to lot 28 was finally vested in Johnson. In all those conveyances the Nicholson map was referred to and Avenue A, shown on that map, was given as the easterly boundary of the lands granted. Hence Johnson took title to the bed of the street abutting upon lot 28 and extending to the middle line of the street. This lot in the street bed is No. 28½ on the tax map. Avenue A, shown on the Nicholson map, has never been opened or used as a street. In 1890 Johnson conveyed lot 28, with the appurtenances, to Wheaton. In that conveyance no mention is made of the Nicholson map and no reference is made to Avenue A. The land is described by metes and bounds and the easterly boundary is fixed as a line running parallel with First avenue at a given distance therefrom. Johnson retained title to lot 28½ until 1906 when he sold and conveyed it by bargain and sale deed without warranties. In the meantime he had leased it from time to time and various structures had been erected on the lot by the tenants. Counsel for the relator contends that the conveyance of lot 28 with the appurtenances vested in the grantee the easement which had theretofore been appurtenant to that lot. He cites *Valentine* v. *Schreiber*, 3 App. Div. 235, as authority for that proposition. But in that case Judge Cullen emphasizes the point that the easements which will pass under a grant of appurtenances are easements over the property of third persons (p. 241). In the present case it would be necessary to imply the creation by the grantor of an easement over his own land, namely, over lot 28½, retained by him. The intention to impose such a servitude must be clear before the inference can be indulged. The inclusion of appurtenances in the grant is not enough to justify it. Goddard Ease. (6th ed.) 142–151. On the contrary, the natural inference is plain and inescapable. In his conveyance to Wheaton the grantor carefully employed a new description of the lands from which all references to the map or to the projected street were studiously eliminated. There was nothing whatever in the deed to suggest the existence of an easement. He retained, used, leased and finally sold and conveyed the abutting lot in the street bed upon which in the meantime buildings had been erected. His own interest forbade the voluntary creation of an easement over the lot which he retained and he took the only course natural under the circumstances when in parting with his title to the other lot he so worded his deed as to prevent any rational inference except that the original easement was thereby abandoned and destroyed.

The writs are dismissed and the assessments confirmed. The requests for findings have been passed upon. Settle decisions and orders on notice.

Ordered accordingly.