(103 So. 848)

**SAMUELS et ux. v. SCOTT et al.**
**(6 Div. 265.)**

(Supreme Court of Alabama. Jan. 15, 1925. Rehearing Denied April 30, 1925.)

1. **Mortgages ☞616—Bill seeking to set aside foreclosure sale and to redeem held not lacking in equity.**

A bill by mortgagors to set aside foreclosure sale under power contained in mortgage, and to permit complainants to redeem and to enjoin defendants from prosecuting an ejectment suit against complainants, which alleged that publication of foreclosure sale was not had in a newspaper, as required by mortgage, and that defendants failed to complete repair of mortgaged premises, as required by agreement executed at time of sale, held not lacking in equity.

2. **Mortgages ☞105—Claim of mortgagor arising from mortgagee's breach of agreement to complete repair of mortgaged premises in nature of recoupment.**

An agreement by mortgagee executed as part of sale of mortgaged premises to complete repairing of mortgaged premises should be considered as part of mortgage transaction, and hence mortgagor's claim, arising from breach of such agreement, is in nature of recoupment and not set-off, and is to be treated as a covenant contained in mortgage transaction.

3. **Damages ☞23—Only damages as flow naturally from breach of contract are recoverable.**

Only such damages as may reasonably be supposed to have been within contemplation of parties at time of execution of contract and as probable results of its breach are recoverable.

4. **Stipulations ☞18(5) — Party agreeing in open court not to seek to have injunction dissolved bound thereby.**

Where mortgagor had, pending in law court, a suit for damages against mortgagee, growing out of mortgagee's breach of agreement to complete repair of mortgaged premises, and an ejectment suit by mortgagee was also pending, and it was agreed between mortgagors and mortgagee in open court that, if law suits were dismissed and entire controversy tried in an equity suit, mortgagee would make no effort to dissolve injunction or continue litigation on law side of docket, held that such agreement was binding, and mortgagee was not thereafter entitled to have injunction dissolved.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by B. E. Samuels and wife against Ida M. Scott and another to cancel a foreclosure proceeding or to redeem, and injunction and cross-bill by respondents. From a decree dissolving a temporary injunction, complainants appeal. Reversed and rendered.

Roy McCullough and B. E. Samuels, both of Birmingham, for appellants.

The bill has equity. Matkin v. Marx, 96 Ala. 501, 11 So. 633; Tutwiler v. Munford, 73 Ala. 308. The injunction was rightfully issued. Conner v. Smith, 88 Ala. 300, 7 So. 150; McCalley v. Otey, 90 Ala. 302, 8 So. 157; Vaughan v. Marable, 64 Ala. 60; Glover v. Hembree, 82 Ala. 324, 8 So. 251; High on Inj. § 442; 2 Jones on Mortg. § 1801; Jones on Mortg. (6th Ed.) 1807d; Carroll v. Henderson, 191 Ala. 248, 68 So. 1. An injunction should not be dissolved, where to do so would be inequitable. L. & N. v. Besse-

───────

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

mer, 108 Ala. 238, 18 So. 880; Cox v. M. & G., 44 Ala. 611; Fuller v. Chenault, 157 Ala. 46, 47 So. 198; Royal v. Royal, 167 Ala. 510, 52 So. 735; Mabel M. Co. v. Pearson, C. & I. Co., 121 Ala. 567, 25 So. 754; Knight v. Drane, 77 Ala. 371.

Harrison & Judge, of Birmingham, for appellees.

A foreclosure will not be enjoined, in order that the mortgagor may have the value of a set-off. Caldwell v. Caldwell, 166 Ala. 406, 52 So. 323, 139 Am. St. Rep. 48; Knight v. Drane, 77 Ala. 371; Gafford v. Proskauer, 59 Ala. 264. The fact of payment could be shown in a court of law, and did not authorize an injunction. Code 1907, § 3850; Mills v. Hudmon, 175 Ala. 448, 57 So. 739.

GARDNER, J. The bill in this cause was filed by appellants against the appellees, seeking to set aside the foreclosure sale under the power contained in a certain mortgage executed by complainants to respondents and the exercise of the equity of redemption by complainants, the mortgagors. Subsequent to the foreclosure sale the respondents instituted an ejectment suit against complainants to recover possession of the mortgaged premises, and a temporary writ of injunction against the prosecution of this suit pending the cause was prayed, and the same was ordered issued. This appeal is from the decree of the chancellor dissolving this temporary injunction on respondents' motion.

[1] We are not of the opinion the dissolution of the injunction can be rested upon a want of equity in the bill. The sale was under the power in the mortgage, which provided for publication thereof in a newspaper, and the bill alleges that publication was not had in a newspaper as therein required (3 Jones on Mortgages, p. 631), and that the bill was seasonably filed is not questioned. So, also, if the mortgage debt was not due, or the mortgagee had not performed his part of the contract so as to entitle him to a foreclosure, it will be set aside. 3 Jones on Mortgages, supra.

The bill shows that the mortgage was executed to secure the balance due upon the purchase price of the house and lot therein described, which was purchased by complainants from respondents as a home. The payments were to be made monthly and in small amounts. The house was not fully completed, some repairs being considered necessary, and at the time of the consummation of the sale, execution of the deed and mortgage, the respondents entered into a separate written agreement (Exhibit C to the bill) to have the work on the house completed, and the same put in first-class condition,

particularly designating certain improvements. It is alleged that at the time of the foreclosure respondents had entirely ignored this agreement, although repeatedly requested to make the repairs by complainants, and that respondents were due complainants on account of the breach of this agreement a sum in excess of the small monthly payment past due, and for default of which the foreclosure was had.

Respondents answer, however, that the general rule applies to the effect that the mere existence of a legal demand in favor of the mortgagor against the mortgagee, ordinarily the subject of set-off, will not justify injunction against foreclosure or a decree setting aside the sale, in the absence of an averment of insolvency of the mortgagee or some other equitable grounds. Caldwell v. Caldwell, 166 Ala. 406, 52 So. 323, 139 Am. St. Rep. 48; Knight v. Drane, 77 Ala. 371; Glover v. Hembree, 82 Ala. 324, 8 So. 251; Gafford v. Proskauer, 59 Ala. 264; Conner v. Smith, 88 Ala. 300, 7 So. 150.

The bill shows, however, that the agreement for completion of these repairs, executed by the respondents, was a part of the sale transaction, and, indeed, the agreement upon its face so recites.

[2] Under these circumstances this agreement should be considered in connection with and as a part of the mortgage transaction, and complainants' claim arising from the breach thereof is in the nature of a recoupment and not a set-off. It grows out of the mortgage transaction, and is to be treated and considered as a covenant contained therein. We think the bill comes within the influence of Birmingham Ind. Co. v. Phillips, 206 Ala. 467, 90 So. 498, and that the evident meaning of the agreement was that, in the event respondents failed to make the repairs, the mortgage debt should be reduced to the amount of the reasonable and proper cost thereof to complainants.

[3] In view of the reversal of the cause, it may not be amiss first, in this connection (though unnecessary for the purposes of this appeal), to state that in our opinion much of the damages claimed by complainants as a result of the breach of this agreement are not recoverable, as only such damages as may reasonably be supposed to have been within the contemplation of the parties at the time of its execution as a probable result of its breach are recoverable (17 Corpus Juris, 742), or, as stated by this court, such damages as flow naturally and directly from the breach. Southern R. Co. v. Moody, 169 Ala. 292, 53 So. 1016; Southern R. Co. v. Coleman, 153 Ala. 266, 44 So. 837. There is equity in the bill.

[4] Nor do we think the dissolution of the injunction can rest upon the sworn denials in the answer, for the following reason: It

appears from the pleadings, together with the proof offered by way of affidavits, that complainants have obtained a decree pro confesso against the respondents, followed by a final decree in their favor based thereon.

Application was made by counsel for respondents to set aside these decrees to the end that respondents may defend the cause upon its merits. Complainants had pending in the law court a suit for damages against respondents growing out of the breach of the agreement, and the ejectment suit was also pending. It was agreed by counsel for respondents and complainants in open court that these suits at law be dismissed and the entire controversy tried and settled in the equity suit, and that, if the decrees were set aside, no motion would be made to dissolve the injunction, and no effort made to continue the litigation on the law side of the docket, but all matters would be litigated in this suit; that, relying upon this agreement, the decrees were set aside and respondents permitted to file answer and defend, and pursuant to this agreement each of the cases on the law docket was dismissed. The counsel who represented respondents at that time, and with whom the agreement is alleged to have been made, filed an affidavit corroborative of complainants. Upon this question there is no conflict. The agreement was in open court, and acted upon by the court and by counsel, and it was binding, though not in writing. Prestwood v. Watson, 111 Ala. 604, 20 So. 600, wherein it is shown that rule of practice 14 is without application to such agreements made in open court. In view of the binding character of this agreement, therefore, the dissolution of the injunction could not rest upon denials of the answer. It is but proper to state that present counsel for appellees were, very clearly, in no manner connected with the cause at the time and had no part in any agreement made.

Counsel for appellees do insist, however, that such agreement, if made by former counsel for respondents, did not contemplate that the injunction would not be dissolved. This insistence, however, overlooks the statement in the affidavit of complainants that it was agreed "that no motion would be made to dissolve the injunction," and there is no denial thereof.

It results, therefore, that the motion to dissolve the temporary injunction should have been denied. The decree will be reversed, and one here rendered overruling the motion.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.