ANNA M. ELGAR, Respondent, *v.* S. H. KRESS & Co., Appellant.

First Department, November 12, 1952.

*Harry H. Wiggins* of counsel (*Charles F. Houghton* with him on the brief; *Duer, Strong & Whitehead,* attorneys), for appellant.

*Sidney S. Levine* of counsel (*Levine & Meckler,* attorneys), for respondent.

*Per Curiam.* Plaintiff, the owner of a private dwelling, seeks to enjoin defendant from using its building across the street, which was recently constructed for commercial purposes upon the ground that (1) it had erected said building in violation of the zoning resolutions of the City of New York and (2) that defendant's use of the building constitutes a nuisance.

The record shows that defendant was the owner of land, the greater part of which was in an area zoned as a Retail-1 district. A small segment of defendant's plot was previously in a residence district but by resolution of the City Planning Commission, this part of defendant's property was rezoned by amendment from a residence district to a Retail-1 district. Plaintiff's contention that this amendment to the zoning resolution is invalid because notice of a hearing was not personally served on plaintiff, is without merit. There is no such requirement (New York City Charter, § 200). From official records it appears that defendant's building was erected in full compliance with the zoning resolutions of the City of New York.

As to the claim that the use of defendant's property for business purposes constitutes a nuisance, it is our view that the proof submitted by plaintiff in opposition to the motion for summary judgment is insufficient to entitle plaintiff to a trial of the issues. It is abundantly clear from the allegations of the complaint as well as from the facts set forth in plaintiff's own affidavit that no finding of a nuisance is sufficiently alleged or could be sustained. The occurrences complained of are normal incidents to the operation of defendant's business. The shutting off of plaintiff's light and air by defendant's building cannot be complained of as a nuisance. The owner of land has no natural right to light or air, and cannot complain that either has been cut off by the erection of buildings on adjoining land. Light and air form valuable easements to be acquired by grant (3 Tiffany on Real Property [3d ed.], § 763).

The order should be reversed and defendant's motion for summary judgment dismissing the complaint should be granted. Settle order.

BREITEL, J. (dissenting). I dissent and vote to affirm the order, on the ground that under rule 113 of the Rules of Civil Practice a defendant's motion for summary judgment will not lie in an action for nuisance unless the defense is based upon written documents. An action for nuisance is not specified in the rule as one in which a defendant's motion for summary judgment may be entertained on nondocumentary proof. While so much of the complaint as relates to the zoning violation is refuted by documents, the claim based on nuisance is not. Regardless of the skimpiness of the affidavits in establishing a claim based on nuisance, summary judgment under rule 113 may not be granted.

The order of Special Term should be affirmed.

DORE, J. P., COHN and VAN VOORHIS, JJ., concur in *Per Curiam* opinion; BREITEL, J., dissents and votes to affirm, in opinion, in which CALLAHAN, J., concurs.

Order reversed and defendant's motion for summary judgment dismissing the complaint granted. Settle order on notice.