64 So.2d 411

**CRAWFORD v. TUCKER et al.**

6 Div. 59.

Supreme Court of Alabama.

Nov. 20, 1952.

Rehearing Denied March 26, 1953.

Further Rehearing Denied April 23, 1953.

E. D. McDuffie and Davis & Zeanah, all of Tuscaloosa, for appellees.

Mayfield & Massa and Perry Hubbard, all of Tuscaloosa, for appellant.

SIMPSON, Justice.

This is an appeal from a final decree denying appellant an injunction to restrain the obstruction of a driveway leading from his homestead lot over the defendants' lots to the public highway. Right to relief is sought to be rested on the doctrine of a way of necessity or an appurtenance to his lot inuring to his benefit by reason of the conveyance to him of the dominant estate by the then owner of the entire property over which the driveway extended.

The defendant Mrs. Minnie W. Taylor prior to 1947 owned the entire property and in March of that year conveyed to the complainant his lot by warranty deed. The lot fronted 181 feet on the west side of a paved highway known as Crabbe Road and at that time there was a driveway leading from the southern part of complainant's lot, where his garage was situated, southwardly over the remainder of Mrs. Taylor's land to the Crabbe Road. This driveway had been in use for a number of years by those residing on and using the property purchased by complainant, but there was no recital in complainant's deed with respect to this driveway or any reservation showing an easement over the remainder of the property. Complainant testified that nothing was said about the use of the driveway when he bought the property but there is testimony to contradict this which had a tendency to show that complainant knew he had no right to the use of the driveway. It was for the trial court, of course, to reconcile this conflicting testimony. Complainant used the driveway until January 1949, when defendant Percy Tucker purchased a fifty-foot lot immediately south of complainant's lot and over which the driveway extended. Tucker, after his purchase, proceeded to obstruct the driveway in furtherance of plans for the construction of a house on the lot. This precipitated the lawsuit. Mrs. Taylor still owns the last fifty feet of her original tract of land immediately south of the Tucker lot and over which the driveway also runs before it intersects with the Crabbe Road. Both Tucker and Taylor have been made parties defendant.

The hearing was before the judge in open court and much testimony was adduced, along with several maps, including a topographical map of the terrain of the property. At the conclusion of the evidence, on motion of complainant and acquiesced in by the defendants, the court, accompanied by the attorneys representing the parties, visited and viewed the premises before making up his conclusion and rendering the decree, in which relief was denied the complainant.

Following are, in part, the observations and conclusions of the trial court in his findings of fact which were embodied in the decree:

"The Court further finds that the complainant has no right, claim or title to any right-of-way or easement over any portion of the land now owned by

said respondents Percy Tucker, Donnie Tucker and Mrs. Minnie W. Taylor * * * that the complainant, J. S. Crawford, now has a driveway located entirely on his real property and did have such a driveway at the time that he purchased his said real property from the respondent, Mrs. Minnie W. Taylor, * * * that the complainant does have a way of ingress and egress to his real property without crossing the land owned by either respondent and that it is not reasonably necessary to the enjoyment of the premises conveyed to the complainant by the respondent, Mrs. Minnie W. Taylor, for the complainant to have a right-of-way or easement over the respondent, Mrs. Minnie W. Taylor's real property or the real property now owned by respondents, Percy Tucker and Donnie Tucker, conveyed to them by respondent, Mrs. Minnie W. Taylor. The Court further finds that the complainant does have other reasonable means of egress and ingress to his garage located on said premises or that same can be constructed with reasonable cost and further finds that it is not reasonably necessary to the enjoyment of his garage located on said premises for said complainant to have an easement or right-of-way across respondents' land or the land of either of respondents."

■ The law governing is well understood and has been referred to in many of our cases. Easements by implication or implied grant in favor of the grantee of a dominant estate are supported by a reasonable necessity for its use and enjoyment, while with respect to the servient estate there must be a strict or absolute necessity. Birmingham Trust & Savings Co. v. Mason, 222 Ala. 38, 130 So. 559; Brewer v. Avinger, 208 Ala. 411, 94 So. 590; Gaynor v. Bauer, 144 Ala. 448, 39 So. 749, 3 L.R.A.,N.S., 1082; Walker v. Clifford, 128 Ala. 67, 29 So. 588; Trump v. McDonnell, 120 Ala. 200, 24 So. 353. The question here, therefore, concerns the determination of whether the use of the driveway over the defendants' lots was reasonably necessary for the enjoyment of the dominant estate conveyed by Mrs. Taylor to the complainant. If there are other reasonably practical ways of ingress and egress over complainant's property, then no easement over the defendants' lots may be implied. That it might be more convenient or less expensive does not serve to raise the implication of such quasi easement. Cases, supra.

■ We have said that the right to such an easement is only an implication at best, the matter of whether the use and enjoyment of such a right of way as here involved is reasonably necessary to the estate conveyed being determined by the facts in the case, meanwhile keeping in mind that if the grantee has reasonable ingress and egress over his own land, although less convenient or more expensive, he cannot claim a way of necessity over the servient estate. Birmingham Trust & Savings Co. v. Mason, supra; Gaynor v. Bauer, supra; Trump v. McDonnell, supra.

■ As observed, after hearing the witnesses testify in open court and on a view of the premises, the court found as above and denied relief. We can find no warrant whatever to overturn that conclusion. The tendency of the evidence seems to justify it. While the complainant is apparently genuine in his belief that he is entitled to a right of way over the lots of the defendants, the evidence was substantial to support the contrary conclusion. The driveway was open and visible when complainant purchased his property; he knew his conveyance did not grant any right of way or easement over the remainder of the property, and accepted it without any reservation or grant of an easement. The court found there were other outlets available to the property, though perhaps less convenient or involving some expense. In the light of our governing rule, we find ourselves bound to sustain the conclusion attained.

■ This case is peculiarly one where the rule should be applied that where the

hearing is before the judge and the witnesses testify orally before him, his findings will be sustained on appeal unless palpably erroneous or against the great weight of the evidence. Particularly in this case, where he had the advantage of viewing the premises and knowing the locale, the rule should be emphasized and we would be most reluctant to disturb his findings. Ramsey v. Kitchens, 249 Ala. 609, 32 So.2d 361.

It may also be observed that no case at all is made for the claim that the driveway is to be considered as an appurtenance to the estate granted under the terms of the deed. No mention whatever is made in the conveyance of this alley or driveway and the presumptions are all to the contrary effect. Brewer v. Avinger, supra.

One incidental matter will be disposed of. Appellant filed a petition in this court for a rule to be issued to appellees to show cause why the injunction seeking to prohibit appellees from obstructing the driveway should not be made final. The purpose of the petition is to enforce an alleged agreement claimed to have been made between these parties and their attorneys in a law action theretofore pending in the circuit court of Tuscaloosa County in a cause in which appellant's brother-in-law, Chester Collins, was plaintiff and appellee Percy Tucker was defendant. The petition alleges that all the parties to the instant cause and their attorneys were before that court and made the alleged agreement which embraced the subject matter of the instant suit. The petition avers that pursuant to said agreement there was entered on the minutes of the circuit court of Tuscaloosa County in the said law action the following: "12/7/50 Parties having reached an agreement in this case—case is continued generally for parties to work out certain details. V. W. Elmore, Judge." This court granted a rule nisi on the basis of the stated petition, but we have come to the conclusion we were clearly in error in doing so. Manifestly such agreement, if so, is unenforceable on this appeal. The parties here were not parties in the litigation in the circuit court, the agreement was not in writing and does not even appear in the minutes of the circuit court, if that would have helped it any. It was purely abortive in so far as it affects decision here. "No private agreement or consent between the parties or their attorneys, relating to the proceedings in any cause, shall be alleged or suggested by either against the other, unless the same be in writing, and signed by the party to be bound thereby." Supreme Court Rule 22, Circuit Court Rule 14, Title 7, Code 1940. See also Title 46, § 46, Code 1940.

Nothing is made to appear to avert affirmance of the decree.

Affirmed.

LIVINGSTON, C. J., and FOSTER and GOODWYN, JJ., concur.

## On Rehearing.

PER CURIAM.

In deference to counsel, we will further respond to two contentions reasserted in argument on this rehearing: first, that the right to use the driveway passed to complainant under the terms of the deed as an appurtenance to the estate granted and, second, that the claimed agreement alleged in the petition on which the rule nisi was issued should be enforced to the result that the injunction be here made final.

With respect to the first insistence, we have pointed out that no mention was made of the driveway in the conveyance of the property to complainant and hence under the facts presented no right of way over the alley was thereby conveyed. A conveyance of a lot "with appurtenances thereto" without an intention therein manifest to include an easement (here the driveway) over the land of the grantor does not grant such an easement—unless, of course, it is a way of necessity, which we have shown it is not. It is only an easement which exists on land of a third person which can be appurtenant to the land conveyed so as to pass with the conveyance without reference thereto in the deed. People ex rel. Standard Gaslight Co. of City of New York v. Cantor, 120 Misc. 183, 198

N.Y.S. 738, 28 C.J.S., Easements, § 46, note 11, p. 710; McMahon v. Blanchard 265 Mass. 56, 163 N.E. 761. See also Humphreys v. McKissock, 140 U.S. 304, 11 S.Ct. 779, 35 L.Ed. 473.

As regards the second contention, we are prompted to broaden our original discussion due to counsel's strenuous insistence on his position. We will first refer to the legal status of the petition, termed a mandamus. Mandamus is not appropriate to enforce a private right against an individual. 55 C.J.S., Mandamus, § 239, p. 451. The remedy, properly treated, is by a motion made in this court to give effect to the alleged agreement and for the entry of a judgment here in accordance with it. Roebling Sons Co. v. Stevens Electric Co., 93 Ala. 39, 9 So. 369. While the instant petition prays for a mandamus and we issued the rule nisi, it is immaterial what it is called. Its purpose was for this court to give effect to the alleged agreement and we have so treated it. Such a petition is not subject to the usual rules applicable to an original bill requiring an answer or demurrer or some other appropriate act of pleading, Sims Chancery Practice, § 685; Johnson v. Johnson, 252 Ala. 366, 41 So.2d 287, or as applicable to mandamus requiring a return.

We must reemphasize that no showing is made by the petition—or indeed could be made if we have interpreted the record correctly, and we think we have—of any enforceable compromise settlement of this pending cause. As indicated on original deliverance, appellant is seeking to give effect to an agreement not in writing claimed to have been made by the attorneys for the parties to this litigation in an entirely different cause of action in another court between different parties. This question is, of course, limited by its legal status. Section 46, Title 46, of the Code and Supreme Court Rule 22 and Circuit Court Rule 14 limit agreements made between parties or their attorneys. They must either be in writing or entered on the minutes of the court or made in open court where the cause is pending. Norman v. Burns, 67 Ala. 248; Prestwood v. Watson, 111 Ala. 604, 20 So.

600; Samuels v. Scott, 212 Ala. 679, 103 So. 848. Treating the petition with reference to that legal status, we note that it does not show the agreement was in writing, or entered on the minutes of the court, or made here in open court in this cause. The agreement, therefore, falls within the ban of the rule which inhibits enforcement of private agreements not in writing between counsel or parties. The fact that the agreement was made in another court or entered on the minutes in a different suit in a different court shows a failure to comply with the foregoing provisions of law and therefore ineffective and unenforceable.

Another reason which would stamp the agreement as ineffective is that the petition does not show that appellees' attorney had authority to make any agreement of settlement and compromise. Indeed, the answers of the respondents to the rule nisi in the form of affidavits establish the contrary. An attorney employed to represent a litigant in the prosecution or defense of a suit is a special agent of his client and has no implied or inherent authority or right to compromise and settle it. National Bread Co. v. Bird, 226 Ala. 40, 145 So. 462; Life and Casualty Ins. Co. v. Bell, 235 Ala. 548, 180 So. 573; Birmingham Electric Co. v. Cochran, 242 Ala. 673, 8 So. 2d 171.

Petitioner complains that he has had no opportunity to furnish proof of the agreement. Of course he had the same opportunity to offer supporting affidavits as did the appellees, but this is immaterial. His petition does not show the existence of an effective agreement. As stated, affidavits of the appellees show definitely the lack of authority of their attorney to make the alleged compromise settlement of the cause or any ratification of his acts in the premises and hence the agreement does not meet the requirements of said § 46 and Rule 22, supra.

Counsel for appellant suggests in argument that a letter signed by himself and the attorney for appellees on file in the office of the clerk of this court might save the agree-

ment from the limitations of the aforestated rules. To the contrary, this letter seems to indicate that at the time of its transmission to this court, counsel for both the parties seemed to have conceded the nonenforceability of the agreement. The letter is as follows:

"Mr. Justice Joel B. Brown
Presiding Judge of the Supreme Court
Judicial Building
Montgomery, Alabama

"In re: J. S. Crawford vs. Percy Tucker et al.

"Dear Sir:

"The Appellant and the Appellee made a settlement of the above cause which is pending in the Supreme Court of Alabama.

"It was contemplated that the appeal pending in this cause was to be dismissed and therefore that it would not be necessary for the Appellant to file brief and argument. *It now appears that this settlement will not be consummated.* Therefore, the undersigned solicitors for the Appellant and Appellee join in a request to the Court allowing Appellant 30 additional days in which to file his brief and argument. (Italics ours)

"Respectfully,
/s/ James J. Mayfield
Attorney of Record for the Appellant
/s/ E. D. McDuffie
Attorney of Record for the Appellee"

But we forego further discussion. It seems to be clear that appellant can take nothing by the alleged agreement. The limitations of the law must be observed.

So considered, the petition is due to be stricken and the rehearing is denied. So ordered.

Petition stricken and rehearing denied.

LIVINGSTON, C. J., and BROWN, SIMPSON, GOODWYN and MERRILL, JJ., concur.