Memorandum. The judgment appealed from should be affirmed, with costs. Pursuant to the lease and the alterations agreement governing the subject premises and the permission granted thereunder by the defendants’ predecessor, a mere legal
 
 *836
 
 right to construct the skylight at issue, not an easement of light and air, was conferred. Light and air form valuable easements to be created by express agreement
 
 (Elgar
 
 v.
 
 Kress & Co.,
 
 280 App. Div. 621) and, generally speaking, if an easement is to result, the intent on the part of a landowner to impose a servitude upon his land must be clear.
 
 (People ex rel. Standard Gas Light Co.
 
 v.
 
 Cantor,
 
 120 Misc. 183; compare
 
 Moore
 
 v.
 
 Day,
 
 199 App. Div. 76, affd. 235 N. Y. 554;
 
 Pirman
 
 v.
 
 Confer,
 
 273 N. Y. 357.) Here, the provisions of the lease and alterations agreement upon which plaintiff relies do not contain language common to the grant of an easement. Nor from these loosely worded provisions can such an intention reasonably be inferred considering especially that hanging in the balance were important development rights for a valuable commercial property.
 

 Chief Judge. Bbeitel and Judges Jasen, Gabbielli, Jones, Waohtleb and Babin concur in memorandum; Judge Stevens taking no part.
 

 Judgment affirmed.